**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| REGINA MARIE PANGERL, individually and on behalf of T.P., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> PEORIA UNIFIED SCHOOL DISTRICT, <br><br> Defendant-Appellee. | No.  18-17114 <br><br> D.C. No. 2:15-cv-02189-ROS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted March 4, 2020
Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

In this Individuals with Disabilities Education Act ("IDEA") case, Plaintiff

Regina Marie Pangerl appeals the district court order affirming the administrative

law judge's dismissal of her due process complaint and denying her request for

attorneys' fees under 20 U.S.C. § 1415(i)(3)(B).  We have jurisdiction under 28

U.S.C. § 1291, and we affirm in part, reverse in part, and remand for a due process

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

hearing.

We review de novo the dismissal of Plaintiff's due process complaint. *See Anchorage Sch. Dist. v. M.P.*, 689 F.3d 1047, 1053 (9th Cir. 2012) (stating that de novo review applies to mixed questions of fact and law).

Under the IDEA's implementing regulations, "[a] parent . . . may file a due process complaint on any of the matters described in § 300.503(a)(1) and (2) (relating to the identification, evaluation or educational placement of a child with a disability, or the provision of FAPE to the child)." 34 C.F.R. § 300.507(a)(1). And "[w]henever a due process complaint is received under § 300.507 . . . , the parents . . . involved in the dispute must have an opportunity for an impartial due process hearing[.]" 34 C.F.R. § 300.511(a).

The due process complaint alleges that, for various reasons, Plaintiff's disabled child, T.P., was denied a free and appropriate public education ("FAPE"). T.P. has been receiving special education services from Defendant Peoria Unified School District ("District") since preschool. Plaintiff's due process complaint alleges that T.P. was enrolled to attend 12th grade during the 2013–2014 school year at the District's Sunrise Mountain High School, but that the District unilaterally unenrolled T.P. from the school due to unexcused absences. At the time the District unenrolled T.P., she had an existing Individualized Education Program ("IEP") and there was a pending due process proceeding related to her

IEP. Plaintiff decided to place T.P. in private school for the 2013–2014 school year after the District unenrolled T.P. from the school. Later in the school year, however, T.P. was hospitalized and Plaintiff contacted the District, requesting that it provide T.P. homebound services. The District replied that it was "not obligated to [provide] FAPE" because Plaintiff had placed T.P. in a private school.

Based on these allegations the due process complaint asserts, among other things, that the District denied T.P. a FAPE when it (1) took affirmative, unilateral action unenrolling T.P. from the school and (2) refused to provide homebound services for T.P. The District clarified during oral argument that unenrolling T.P. meant that there was a "change in [her] status at the school" and that T.P. would be unable to attend the school until her parents came to the school and asked to reenroll T.P. *See* Oral Argument at 20:40–21:50, 25:29–26:58, *Pangerl v. Peoria Unified Sch. Dist.*, No. 18-17114 (9th Cir. March 4, 2020), https://youtu.be/-TVt74rISRQ. Thus, the due process complaint alleges that, based on the District's unenrollment of T.P., T.P. was prevented from attending the school thereby denying her a FAPE. The due process complaint additionally asserts that the District violated the IDEA's "stay put" requirement because it unenrolled T.P. from school while there was a pending due process proceeding relating to her existing IEP. *See* 20 U.S.C. § 1415(j).

These allegations are matters related to the provision of FAPE, and thus Plaintiff is entitled to a hearing on her due process complaint under § 300.511(a). Further, the District does not argue that the due process complaint fails to meet the other requirements that would preclude a due process hearing. *See* 34 C.F.R. § 300.508(c) ("A party may not have a hearing on a due process complaint until the party . . . files a due process complaint that meets the requirements of paragraph (b) of this section."). Thus, the district court erred in affirming the dismissal of the due process complaint.

The district court, however, did not err in denying Plaintiff's request for attorneys' fees. Even assuming without deciding that the district court misconstrued Plaintiff's request for attorneys' fees, the denial was proper because Plaintiff is not a "prevailing party" under 20 U.S.C. § 1415(i)(3)(B). Plaintiff has not prevailed on any of the merits related to her due process complaint. *See Buckhannon Bd. and Care Home, Inc. v. W. Virginia Dep't. of Health and Human Res.*, 532 U.S. 598, 603–04 (2001); *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 865 (9th Cir. 2004) (holding *Buckhannon* applies to the IDEA's attorneys' fees provision).

For the reasons stated above, we affirm in part and reverse in part the district court's order and remand for a due process hearing on Plaintiff's due process complaint. In remanding for a due process hearing, we express no view as to the

4

actual merits of Plaintiff's claims.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

No. 18-17114, *Pangerl v. Peoria Unified School District*

CLIFTON, Circuit Judge, dissenting:

The due process complaint submitted by Plaintiff Regina Marie Pangerl failed to state a claim upon which relief can be granted. Defendant Peoria Unified School District did not refuse to provide Plaintiff's daughter, T.P., with educational services. Recognizing as much, the district court affirmed the dismissal of her claim by the administrative law judge. We should also recognize that reality and affirm the judgment of the district court.

Plaintiff's own due process complaint established that the claim had no merit. Plaintiff's daughter, T.P., had been enrolled in a program provided by Defendant Peoria Unified School District. In the summer of 2013, Plaintiff placed her daughter, T.P., in a program at a private school, Chapel Haven West. The private summer program ended on August 30. Because the District's school year started in the fall before then, Plaintiff notified the District's Special Education Specialist, Frymet Hare, that she planned for T.P. to remain in the private summer program until it ended and to return to the District's program afterwards. Plaintiff's due process complaint (in which she identifies herself as "Regina," her first name, to avoid confusion with other members of her family) alleged what happened after that:

> Hare acknowledged Regina's notification via email dated July 9, 2013

and stated, "Thank you for providing this information. I am copying the administration for Sunrise Mountain HS as well so they will have it for the start of school. Please check with the front office at Sunrise Mountain HS to check if there are any steps you need to take to ensure a smooth transition/enrollment when you are ready to have [T.P.] begin school at the beginning of September."

Nothing in that response suggested that the student would not be allowed back into the District's programs when she sought to return.

A few weeks later, Plaintiff received notifications that the school district had "unenrolled" the student. As Plaintiff described in her opening brief, the unenrollment provision under Arizona law is "merely a funding-related statute." It affects state funding to public school districts to the extent that funding is based on average daily enrollment. Nonetheless, Plaintiff's response was to inform the Defendant that she was placing the student in a private school and would seek reimbursement from the Defendant for the cost of the private placement. Plaintiff's due process complaint alleged those events as follows:

> On August 20, 2013, PUSD issued an Official Notice of Pupil Withdrawal of T.P. from PUSD signed by Carrie Olsen. In the signature block for "Parent/Guardian Signature" there is a handwritten note of "10 Day Drop."

> On or about September 8, 2013, Steve Savoy ("Savoy"), PUSD's Administrator for K-12 Academic Services, notified Regina that the district was withdrawing/unenrolling T.P. from PUSD as a result of 10 consecutive absences.

2

On September 9, 2013, Regina wrote an email to Savoy notifying him that the Pangerls were privately placing T.P. at Chapel Haven West for the remainder of the 2013-14 school year due to PUSD's wrongful unenrollment of T.P. and T.P.'s fears of returning to Sunrise Mountain HS as a result of prior disputes with PUSD. The Pangerls indicated that they would be seeking reimbursement from PUSD for the tuition and related costs associated with such private placement.

The District responded with a letter from Hare. As alleged in Plaintiff's due process complaint:

On or about September 11, 2013, Regina received a form letter from Hare indicating that T.P. is "no longer participating" in PUSD's special education programs. The letter acknowledges that T.P. still remained eligible for such programs and services and advised T.P.'s parents to contact her "home school" to schedule a new IEP meeting.

The gravamen of Plaintiff's action is that the District failed to provide her daughter with an appropriate education as required by the Individuals with Disabilities Education Act . The problem with that claim is that the District did not refuse to provide T.P. with educational services, as the allegations of the due process complaint themselves demonstrate. The district court came to precisely that conclusion: "T.P. could have resumed her prior educational placement, despite her temporary unenrollment, if and when she decided to return to PUSD." When asked at oral argument whether any attempt was made to re-enroll T.P. thereafter, Plaintiff acknowledged that there was no such effort. When it was noted that Plaintiff had not in her briefs contested the district court's conclusion that T.P.

3

could have resumed her placement, Plaintiff did not point to anything that presented any such challenge.

Plaintiff's action makes more sense when it is put into context. As the district court noted, Plaintiff had filed a separate due process complaint against the District on other grounds several months earlier, in January 2013, reflecting her dissatisfaction with the District's offerings for T.P. According to Plaintiff's due process complaint, that first complaint was still pending through the events at issue here. The summer program at the private school ended on August 30, but apparently no effort was made for T.P. to return to the District's program at that point. The day after the District's September 8 notice of T.P.'s unenrollment, Plaintiff responded by saying that T.P. would attend the private program. I infer that Plaintiff, a lawyer who understands how the system works much better than most parents, saw the formal notice that T.P. had been "unenrolled" as an opportunity to place her daughter in the private program that she preferred, at the District's expense. T.P. might even have continued to attend the private school in the meantime. I don't criticize Plaintiff for her motivation. A parent's desire to obtain the best for her child is laudable. But the IDEA does not require public school districts to pay for whatever programs parents might prefer. Though my speculation may help provide a logical explanation for the events, in the end, it

4

does not matter.

What does matter is that the district court correctly concluded that the District did not refuse to provide its educational services. T.P. could have resumed her prior educational placement with the District, but Plaintiff elected not to return her to that program, instead deciding to send her to the private program. The District was not responsible for that decision. Plaintiff has not disputed the reasoning that led to the district court's conclusion or identified facts that support an alternative narrative.

Instead, Plaintiff argues in her reply brief that because there was no hearing with exhibits and testimony, any factual findings by the district court were erroneous and cannot be considered on appeal. No citations were offered to support that legal contention, however, and it is not correct. Allegations contained in a complaint are routinely examined in considering a motion to dismiss, including a motion based on a failure to state a claim upon which relief can be granted. There is a limitation on considering extrinsic evidence (with some exceptions), but it is appropriate to consider a plaintiff's own allegations. Indeed, the Supreme Court has established that to survive a motion to dismiss in ordinary civil litigation a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

5

(2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Even if that tougher pleading standard should not be applied here – and I agree that there are reasons not to apply it in the IDEA context – Plaintiff should be required to state a claim that is not contradicted by her own allegations.

Plaintiff's due process complaint could not succeed because it did not state a colorable claim. The District could not be liable for failing to provide educational services to T.P. when it was Plaintiff's decision not to return her to the District's program. The facts as laid out in the due process complaint establish that.

The majority disposition does not dispute that it was Plaintiff's decision not to re-enroll T.P. in the District's program, nor does it explain how that decision was something for which the District could be held liable. The majority refers to other allegations in Plaintiff's due process complaint regarding events later in the school year, after T.P. fell ill, but Plaintiff failed to present an argument to us regarding any of those allegations in her briefs to this court, so they cannot be the basis for a claim that we should entertain. Similarly, the majority notes that Plaintiff's due process complaint alleges that the District violated IDEA's "stay put" requirement because it unenrolled T.P. from school, but that argument can

6

fare no better than Plaintiff's attempt to treat "unenrollment" as a refusal by the District to provide educational services.

Nonetheless, it is enough for the majority that Plaintiff stated in her due process complaint allegations that "are matters related to the provision of FAPE, and thus Plaintiff is entitled to a hearing on her due process complaint under [34 C.F.R.] § 300.511(a)." The majority concludes that the regulation requires that a full hearing be conducted even though it is apparent from the face of the due process complaint filed by Plaintiff that it will be a futile exercise. I disagree.

For one thing, the language of § 300.511(a) requires only that there be "an opportunity for an impartial due process hearing" after a complaint has been submitted. An opportunity is not the same as a promise. The regulation does not guarantee that there has to be a full hearing complete with witnesses and evidence anytime a complaint is filed. If, for instance, the complaint demonstrated that the child did not live within the named school district, such that the school district could not be held responsible for providing educational services to that child, there would be no reason to proceed any further. There is no better reason to require a full hearing here, either.

More broadly, there may be nothing in the language of § 300.511(a) that expressly references any initial challenge to a complaint to determine whether it

7

presents a colorable claim, but that has been a fundamental principle of law for a long time. A "failure to state a claim upon which relief can be granted" has been explicitly identified as a basis for a motion to dismiss in federal court, under Federal Rule of Civil Procedure 12(b)(6), since 1938, when those rules were first established. That reflected longstanding practice in both federal and state courts. It is implausible that the drafters of § 300.511(a), adopted in 2006, and of the underlying statute, the IDEA, initially enacted in 1990, or the specific section at issue here, adopted in 2004, intended to disregard that practice and require a hearing of a claim that, on the face of the complaint, did not present a viable claim. Requiring a full due process hearing in this case will be a waste of time and energy. Those resources would be much better spent providing real educational services to students in need.

Indeed, it is not apparent to me that Plaintiff has even raised such an argument in her appeal. Although Plaintiff's arguments have presented a moving target, I have not identified in her briefs any argument that she is entitled to a hearing even if the facts alleged in her complaint fail to state a claim upon which relief can be granted. Her arguments have sought substantive relief, not an empty procedural victory. Logically so, as the waste of time and energy will include her time and energy as well.

8

In my view, remanding this case for any further proceedings exalts form over substance. The district court's judgment should be affirmed. I respectfully dissent from our failure to do so.